UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY A WINNERS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HYATT, et al.,<br><br>Defendants. | CAUSE NO. 3:20-CV-1035-JD-MGG |

OPINION AND ORDER

Jeremy Winners, a prisoner without a lawyer, is proceeding in this case on four claims. ECF 7. First, he is proceeding "against Warden William Hyatte in an official capacity to obtain injunctive relief for constitutionally adequate medical care for his depression[.]" *Id.* at 6. Second, he is proceeding "against Warden William Hyatte in an official capacity to obtain injunctive relief to protect him from attack by the inmate or inmates who sexually assaulted him in 'L' house[.]" *Id.* Third, he is proceeding "against Joshua Morgan and Devon Sharp for acting with deliberate indifference to his serious medical needs when they declined to provide Winners access to medical care while he was suicidal, in violation of the Eighth Amendment[.]" *Id.* at 7. Fourth, he is proceeding "against Emorado for failing to protect him from assault in 'L' house by opening his cell door and knowingly permitting an inmate to assault him, in violation of the Eighth Amendment[.]" Each of Winners' claims arise out of his allegation in his complaint that, on December 27, 2019, the defendants failed to protect him from an assault by other inmates and afterwards failed to provide him with medical care when he was suicidal. ECF 1; ECF 17.

On July 15, 2021, the defendants filed a motion for summary judgment, arguing Winners failed to exhaust his administrative remedies before filing this lawsuit. ECF 30. With the motion, the defendants provided Winners the notice required by N.D. Ind. L.R. 56-1(f). ECF 32. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Winners did not file any response within the 28-day limit. On August 25, 2021, the court entered an order instructing Winners to show cause why this action should not be dismissed for want of prosecution, noting that Winners' mail had been returned as undeliverable. ECF 41. Winners submitted a timely response to the order to show cause, in which he also responded to the defendants' exhaustion argument. ECF 44. The court therefore construes Winners' response to the order to show cause (ECF 44) as a response to the defendants' summary judgment motion. The court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

2

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was

3

effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Winners did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance regarding the defendants' alleged conduct but did not complete the appeal process as to that grievance. ECF 31 at 6-7. Specifically, the defendants present evidence that: (1) Winners submitted Grievance 111014 on January 3, 2020, complaining of the conduct alleged in his complaint (ECF 30-1 at 5; ECF 30-3); (2) the Grievance Specialist returned Grievance 111014 on January 8, 2020, requesting the names of the staff involved (ECF 30-1 at 5; ECF 30-4); (3) Winners submitted a response providing more information about the staff involved, and the grievance office accepted Grievance 111014 on January 23, 2020 (ECF 30-1 at 5; ECF 30-5; ECF 30-6); (4) the grievance office denied Grievance 111014 on February 7, 2020 (ECF 30-1 at 5-6; ECF 30-7); (5) Winners submitted a Level I appeal to the warden, which the warden denied on February 24, 2020 (ECF 30-1 at 6; ECF 30-8); and (6) Winners never submitted a Level II appeal to the Department Grievance Manager (ECF 30-1 at 6). The defendants conclude that, because Winners never submitted a Level II appeal to the Department Grievance Manager, he failed to exhaust Grievance 111014. ECF 31 at 6-7.

In his response, Winners argues he did exhaust his administrative remedies because he submitted numerous grievances and went "above and beyond" and tried to talk to the warden and other administrative people to resolve the issue. ECF 44 at 1-2. However, Winners does not identify or provide any formal grievance other than Grievance 111014. Specifically, Winners provides copies of Grievance 111014 and his Level I appeal form, but he does not allege or provide evidence he ever submitted a Level II appeal to the Department Grievance Manager. *See* ECF 29-1 at 6-9. Thus, the undisputed facts show Winners did not exhaust Grievance 111014. ECF 30-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a written appeal to the warden; and (3) a written appeal to the Department Grievance Manager); *see also Pozo*, 286 F.3d at 1023 ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred."). Winners also argues he submitted a tort claim regarding the allegations in his complaint, but a tort claim is not a grievance within the meaning of § 1997e(a). *See* ECF 29-1 at 1-5; ECF 44 at 2; *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005) ("For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require'"). Neither the Supreme Court nor the Seventh Circuit has held that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Thus, because (1) the undisputed facts show Winners did not exhaust Grievance 111014, and (2) Winners does not provide any evidence he submitted any other grievance relevant to his claims

5

in this lawsuit, the undisputed facts show Winners did not exhaust his administrative remedies.

Lastly, Winners argues the prison facility "was not very cooperative with the grievance process[.]" ECF 44 at 1. However, this conclusory allegation is insufficient to show the grievance process was unavailable to Winners. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Accordingly, because the undisputed facts show Winners did not exhaust his administrative remedies and Winners has not created a genuine dispute about whether the grievance process was unavailable to him, summary judgment must be granted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 30);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Jeremy Winners and to close this case.

SO ORDERED on December 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT