UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY A WINNERS,

        Plaintiff,

        v.                                 CAUSE NO. 3:20-CV-1035-JD-MGG

WILLIAM HYATT, et al.,

        Defendants.

OPINION AND ORDER

Jeremy Winners, a prisoner without a lawyer, moves the court for reconsideration of the court's order granting summary judgment in favor of the defendants. ECF 55.[1] The court granted the defendants' summary judgment motion because the undisputed facts showed Winners did not exhaust his administrative remedies before filing suit. ECF 48. Specifically, the court found it was undisputed that: (1) Winners submitted Grievance 111014 in January 2020, complaining of the conduct alleged in his complaint; (2) the grievance office denied Grievance 111014 in February 2020; (3) Winners submitted a Level I appeal to the warden, which the warden denied in February 2020; and (4) Winners never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to complete the grievance process. *Id.*

---

[1] Winners filed a post-judgment "motion to reconsider," which does not specifically address any order from the court. *See* ECF 55. He also submitted a post-judgment letter to the court arguing he exhausted his administrative remedies and providing additional evidence. ECF 50, 50-1. The court therefore construes Winners' post-judgment letter (ECF 50) and motion to reconsider (ECF 55) as a Fed. R. Civ. P. 59(e) motion requesting reconsideration of the court's order granting summary judgment in favor of the defendants.

In his construed motion for reconsideration, Winners argues he was "denied the right" to appeal his grievances. ECF 50 at 1. He attaches a "Request for Interview" form dated March 5, 2021, in which he asserted he had not received certain grievance documents and some of his grievance documents were missing. ECF 50-1 at 1. He also attaches a "Request for Interview" form dated May 22, 2021, in which he requested permission to file an out-of-time appeal. *Id.* at 2. However, arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration." *King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017); *see also Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion). Regardless, Winners' "Request for Interview" forms are dated more than a year after his Level I appeal was denied by the warden, and he still has not explained why he did not submit a timely Level II appeal to the Department Grievance Manager. Winners also submits various other documents, including health care requests, a disciplinary hearing appeal, and "Request for Interview" forms regarding his mental health issues, but he does not explain how these documents are relevant to the exhaustion issue. ECF 50-1 at 3-13.

Accordingly, Winners has not raised any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the motion to reconsider (ECF 55) is DENIED.

SO ORDERED on January 19, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT